**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**JAMES WIDNER,
D.O.C. # 773669,**

    **Plaintiff,**

vs.                          Case No. 4:19cv402-MW-MAF

**MICHAEL INCH, et al.,**

    **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

Plaintiff, proceeding pro se, initiated this case by submitting a civil rights complaint, ECF No. 1, and motion requesting leave to proceed in forma pauperis, ECF No. 2, in August 2019. Plaintiff's motion was insufficient as filed, and he was required to file an amended motion. ECF No. 4. Plaintiff complied, ECF No. 5, and his amended motion was granted, ECF No. 7, and Plaintiff was assessed an initial partial filing fee of $3.00 which was to be paid by December 16, 2019. *Id.*

In mid-December 2019, Plaintiff submitted a response with a copy of a November 2019 statement which revealed no deposits and insufficient

Page 2 of 3

funds to pay the fee. ECF No. 8. Because that did not comply with guidance provided in the prior Order, ECF No. 7, Plaintiff was directed to submit a copy of his inmate statement for the period of time between December 1, 2019, and March 30, 2020. Upon review, it would be determined whether Plaintiff should be permitted to proceed without the payment of the assessed initial partial filing fee. ECF No. 9. Plaintiff's deadline to comply was April 24, 2020. *Id.* As of this date, nothing further has been received from Plaintiff and it appears that Plaintiff has abandoned this litigation.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order. *See* Ciosek v. Ashley, No. 3:13cv147/RV/CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015). The Supreme Court has held that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs . . . ." Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337

(11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1. Because Plaintiff has not complied with a Court Order and has failed to prosecute this case, dismissal is now appropriate.

**Recommendation**

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on May 12, 2020.


 S/     Martins A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:19cv402-MW-MAF